IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HAKEAI T. FAANUNU and SELA LEPOLO TELUA,

    Plaintiffs / Appellants,

v.

GAIL DIXON,

    Defendant / Appellee.

No. C 03-01487 JSW

**ORDER RE: BANKRUPTCY APPEAL**

Now before the Court is Hakeai Faanunu and Sela Lepolo Telua's ("Appellants") appeal from the judgment by the bankruptcy court dated March 17, 2003 in favor of Defendant/Appellee Gail Dixon. Although Appellee failed to oppose the appeal, pursuant to Civil Local Rule 16-4, the Court deems this case submitted on the papers without oral argument. Having carefully reviewed the administrative record and considered the parties' papers, their arguments and the relevant legal authority, and good cause appearing, the Court hereby AFFIRMS the bankruptcy court's judgment.

## BACKGROUND

In 1989, Appellants purchased real property from Gail Dixon ("Dixon"), aka Gail Carlette, located at 820 Hamilton Avenue, in Menlo Park, California (referred to herein as "the Property"). (Clerk Transcript ("CT") at 1-16.) In the course of the purchase, Appellants gave Dixon two notes secured by a second and third deed of trust on the Property, representing payment of a portion of the purchase price of $149,000. (CT at 44-45.) Dixon was a licensed

real estate broker at this time. (CT at 20.)

On September 17, 1999, Appellants filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Northern District of California, case no. 99-33029. (CT at 118-143.) On June 29, 2001, Dixon moved for relief from the automatic stay in order to permit her to foreclose on the Property. (CT at 54-56.) On August 7, 2001, the bankruptcy court granted the motion, "finding that [Appellants] had failed to make numerous pre-petition and post-petition payments on the deeds of trust, and that [Appellants] did not intend to pay the third deed of trust." (CT at 1-5, 148.)

On August 23, 2001, Appellants filed a complaint in San Mateo County Superior Court, case no. 418077, seeking to enjoin Dixon from foreclosing under the second and third deeds of trust. (CT at 280-305.) The complaint alleged nine causes of action against Dixon arising from Appellants' purchase of the Property from Dixon in 1989. (CT at 280-305.) On August 31, 2001, Dixon removed the action to the bankruptcy court. (CT at 360.)

Dixon filed a motion for summary judgment and the bankruptcy court granted the motion on all but the fifth cause of action and the related claim for declaratory and injunctive relief. (CT at 149.) The fifth cause of action sought cancellation of the third deed of trust and alleged that Dixon obtained this deed of trust from Appellants through fraud. (CT at 290-92.) Appellants alleged that Dixon was a licensed real estate broker and that, as both the seller and broker, she acted as a dual agent in the transaction. (CT at 280-292.) Appellants further alleged that Dixon contracted in writing to sell the Property to them for $133,000 and that she later tricked them into giving her an additional note for $16,000 secured by the third deed of trust, which increased the purchase price of the Property to $149,000. (CT at 290-92.)

On March 17, 2003, the court entered judgment for Dixon and held that Appellants were not entitled to cancel or restrain the enforcement of either of the two deeds of trust held by Dixon against the Property. (CT at 144-46.) The court determined as a matter of law that Dixon did not defraud Appellants in obtaining the third deed of trust as part of the purchase price for the Property and that no legal basis existed to cancel the second or third deeds of trust

1 or to enjoin their enforcement. (CT at 152-53.) All other pertinent findings of fact and
2 conclusions of law of the bankruptcy court will be discussed below where relevant.

## ANALYSIS

**A.   Standard of Review of Bankruptcy Court's Judgment.**

District courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges. 28 U.S.C. § 158. On appeal, a district court must review a bankruptcy court's findings of fact under the clearly erroneous standard, and its conclusions of law de novo. Fed. R. Bankr. P. 8013; *see also Beck v. Pace Int'l Union*, 427 F.3d 668, 673 (9th Cir. 2004). The test for clear error is not whether the appellate court would make the same findings, but whether the reviewing court, based on all of the evidence, has a definite and firm conviction that a mistake has been made. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985). A reviewing court may not overturn a decision, even if it would have weighed in the evidence in a different manner, so long as the trial court's view of the evidence is plausible in light of the entire record. *Id.* at 573-74. In applying the clearly erroneous standard, the appellate court views the evidence in the light most favorable to the party who prevailed below. *Lozier v. Auto Owners Ins. Co.*, 951 F.2d 251, 253 (9th Cir. 1991).

**B.   The Bankruptcy Court Did Not Err in its Findings of Fact and Conclusions of Law Regarding Dixon's Duties to Appellants.**

Appellants contend that the bankruptcy court erred by not finding that Dixon was a dual agent with a duty of disclosure to Appellants. (Br. at 9.) They argue that Dixon did not comply with her duty as a dual agent to disclose "all facts that would reasonably affect the judgment of each party in permitting the dual agency." (*Id.* at 11.) In particular, Appellants contend that Dixon had a duty to disclose the actual value of the Property. (*Id.* at 12.) Appellants also claim that they suffered harm as a result of Dixon's failure to disclose "all information regarding the subject real property." (*Id.* at 12.) However, analysis of dual agency law and the record below reveals that the bankruptcy court did not err in its conclusions of law and findings of fact regarding Dixon's duties to Appellants.

3

### 1. The Bankruptcy Court Did Not Conclude that Dixon Was Not a Dual Agent.

Appellants contend that the bankruptcy court erred by not finding that Dixon was a dual agent with a duty of disclosure to Appellants. The bankruptcy court, however, never concluded that Dixon was not a dual agent. Rather, the court found that Dixon signed the purchase-sale agreement as the seller, using the name Gail Carlette, and as the broker, using the name Gail Dixon. (CT at 149, 406.) The court concluded that "*even if* [Dixon] was acting as a seller and a dual agent, [Dixon] as seller was not obligated to limit the price she asked, and [Dixon] as a dual agent was not obligated to convey to [Appellants] her knowledge about the price she was willing to accept as seller." (CT at 153 (citing Cal. Civ. Code § 2079.21) (emphasis added).) The court never reached the conclusion that Dixon was not acting as a dual agent.

### 2. Even If Dixon Did Act as a Dual Agent, She Was Only Required to Disclose Material Information about the Property but Was Not Obligated to Disclose the Actual Value of the Property.

Appellants argue that Dixon had a duty to disclose "*all* information regarding the subject real property." (Br. at 12 (emphasis added).) However, the agent's duty to the buyer requires disclosure of "all *material* facts," not simply all facts. *Roberts v. Lomanto*, 112 Cal. App. 4th 1553, 1567 (2003) (emphasis added). The test of materiality is an objective one. *Id.* It depends on "whether a reasonable person in the principal's position would have acted differently had he known the undisclosed facts." *Id.* However, a dual agent "may not, without the express permission of the respective party, disclose to the other party that the Seller will accept a price less than the listing price or that the Buyer will pay a price greater than the price offered." Cal. Civ. Code § 2079.16; *see also* Cal. Civ. Code § 2079.21.

Here, Appellants argue that Dixon was required to disclose the Property's actual value because they would have acted differently had they known such information. However, by making such a disclosure, Dixon would be informing Appellants that the seller would accept a price less than the listing price. As the court correctly held, Dixon was not obligated to make such a disclosure. Furthermore, Appellants do not refer to any other material facts that Dixon was required to disclose. The bankruptcy court found that there "were no flaws in the Property, or other 'facts materially affecting the value or desirability of the Property'" that Dixon failed to

4

disclose to Appellants. (CT at 151.) The bankruptcy court's view of the evidence is not clearly erroneous in light of the entire record. *Anderson*, 470 U.S. at 573-74. Therefore, the bankruptcy court did not err by concluding that Dixon did not fail to disclose material information about the Property.

### 3. Even If Dixon Did Act as a Dual Agent, the Remedy Appellants Seek for Any Disclosure Failure on Her Part Is Not Available.

A real estate agent is required by statute to make certain disclosures about the agent's duties to the parties and about which party or parties to the transaction the agent is representing. Cal. Civ. Code §§ 2079.13-24. An agent may serve in a dual capacity as long as both principals have full knowledge and give knowing consent to the relationship. Cal. Civ. Code § 2079.16; *Sierra Pac. Indus. v. Carter*, 104 Cal. App. 3d 579, 581-82 (1980).

There are essentially two disclosures that all agents must make regarding their representation of and duties to the parties. The selling agent must disclose to the buyer and seller, as soon as practicable, "whether the selling agent is acting in the real property transaction exclusively as the buyer's agent, exclusively as the seller's agent, or as a dual agent representing both the buyer and the seller." Cal. Civ. Code § 2079.17(a). "This relationship must be confirmed in the contract to purchase and sell real property or in a separate writing executed or acknowledged by the seller, the buyer, and the selling agent prior to or coincident with execution of that contract by the buyer and the seller, respectively." *Id.* This required confirmation must be in the form as set out in California Civil Code § 2079.17(c). *Id.* Here, assuming Dixon did act as a dual agent, it appears that she complied with this disclosure requirement. The proper confirmation appears in the March 1989 Purchase Contract. (CT at 13.)

In addition to this confirmation, the agent must comply with California Civil Code § 2079.14. *See* Cal. Civ. Code § 2079.17(a) (stating that the confirmation required by Cal. Civ. Code § 2079.17(a) is in addition to the disclosure required by Cal. Civ. Code § 2079.14). Under California Civil Code § 2079.14, listing and selling agents must provide a copy of a disclosure form to the seller and buyer. In the case of a dual agency, the disclosure form indicates that a

5

dual agency is legal but only with the knowledge and consent of the seller and buyer. Cal. Civ. Code § 2079.16. The form also states the dual agent's duties to the respective parties. *Id.* In particular, the form states that the dual agent "may not, without the express permission of the respective party, disclose to the other party that the Seller will accept a price less than the listing price or that the Buyer will pay a price greater than the price offered." *Id.*; *see also* Cal. Civ. Code § 2079.21.

The disclosure form tells the property owner that a broker can act as a dual agent. *Huijers v. DeMarrais*, 11 Cal. App. 4th 676, 684 (1992). "Thus advised, the seller [or buyer] may wish to sell [or buy] the property through his or her own agent or seek independent advice on the price and terms of the listing." *Id.* "It is not enough to disclose only the fact of dual representation." *Id.* at 686. The agent must also disclose all facts which would reasonably affect the judgment of each party in permitting the dual representation. *Id.* In *Huijers*, the court interpreted then applicable California Civil Code § 2375 (currently codified at § 2079.16) as a "legislative determination that the information required to be disclosed [in the disclosure form] alerts the parties to the potentially harmful consequences of dual representation, so they can make an informed judgment." *Id.* Here, assuming that Dixon did act as a dual agent, the record below does not indicate that she supplied the disclosure form required by § 2079.14.[1]

However, even if Dixon did fail to provide the statutorily required form, the remedy Appellants seek for such failure is not available. The remedy for the failure to disclose a dual representation is avoidance of the transaction and relief from the compensation agreement. *Huijuers*, 11 Cal. App. 4th at 685-86. For these remedies, "[i]t makes no difference that the principal was not in fact injured, or that the agent intended no wrong, or that the other party acted in good faith." *Id.* at 686. However, the right to rescind must be exercised promptly on discovery of the dual representation. *Vice v. Thacker*, 30 Cal. 2d 84, 91 (1947). In addition, all consideration received from the other party to the transaction must be returned and any property

---

[1] On appeal, Appellants do not claim that Dixon failed to supply the required disclosure form; they only claim that Dixon failed to disclose "all information about the property, including the fact that the property's actual value . . . was far less than the selling price." (Br. at 12.)

6

received must be reconveyed. *Id.* If the principal has accepted the advantage obtained under the contract and seeks to retain such advantage, he "will not be permitted to disclaim the responsibility for the representations and concealments of . . . his agent." *Gordon v. Beck*, 196 Cal. 768, 773 (1925). Here, Appellants do not seek relief from the compensation agreement with Dixon, nor do they seek avoidance of the entire transaction. Rather, they seek to retain the subject real property and cancel the third deed of trust. (CT at 182, 290.) In order properly to rescind the contract, they would need to reconvey the real property to Dixon. Therefore, the remedy Appellants seek for Dixon's failure to provide the disclosure form as a dual agent is not available.

Appellants' only other alternative would be to sue Dixon for damages. The damage remedy, however, is limited to whatever monetary loss the principal can prove on account of the agent's misconduct. *Brown v. FSR Brokerage, Inc.*, 62 Cal. App. 4th 766, 778 (1998). Here, the record lacks any evidence supporting Appellants' argument that they suffered in reliance on Dixon's advice. The bankruptcy court found that Appellants "suffered no damage as a result of any failure by [Dixon] to disclose her status as a real estate broker, or as a result of the way the terms of the parties' agreement were set forth in the March purchase-sale agreement and the March 16 addendum to that agreement." (CT at 151.) The bankruptcy court's view of the evidence is not clearly erroneous in light of the entire record. *See Anderson*, 470 U.S. at 573-74. Therefore, even assuming that Dixon acted as a dual agent, Appellants do not seek a remedy that is available as a result of her failure to provide a statutorily required disclosure form. The bankruptcy court did not err in its findings of fact and conclusions of law regarding Dixon's duties to Appellants.

**C.     The Bankruptcy Court Did Not Err by Excluding Evidence of an Appraisal Conducted on the Real Property.**

At trial, Appellants attempted to introduce evidence of an appraisal performed in 2003 estimating the fair market value of the Property in March 1989. (CT at 177.) The bankruptcy court excluded this evidence as irrelevant. (CT at 152.) Appellants contend that such exclusion constituted reversible error. (Br. at 12.) Courts review decisions regarding the relevance of

7

1  evidence for abuse of discretion. *United States v. Kessi*, 868 F.2d 1097, 1107 (9th Cir. 1989).

2  Appellants claim that Dixon had a duty to disclose the fair market value of the Property,
3  contending that if she had done so, they would not have agreed to purchase the Property for a
4  higher price. (Br. at 12.) As previously addressed, an agent has a fiduciary duty to disclose
5  material facts to the buyer. *Roberts v. Lomanto*, 112 Cal. App. 4th 1553, 1567 (2003). The test
6  of materiality is an objective one. *Id.* It depends on "whether a reasonable person in the
7  principal's position would have acted differently had he known the undisclosed facts." *Id*.
8  However, as the bankruptcy court correctly concluded, the dual agent "may not, without the
9  express permission of the respective party, disclose to the other party that the Seller will accept
10 a price less than the listing price." Cal. Civ. Code § 2079.16; *see also* CT at 153. Assuming
11 she acted as a dual agent, Dixon was not obligated to inform Appellants that she, as the seller,
12 would accept a price less than the listing price. Therefore, the appraisal evidence was irrelevant
13 to a determination of Dixon's duties.

14 The bankruptcy court further found the appraisal evidence irrelevant because Appellants
15 "did not offer any evidence that [Dixon] made any misrepresentation related to the value of the
16 Property, other than [Appellants'] argument that [Dixon's] asking price was in excess of the fair
17 value of the Property." (CT at 152.) The bankruptcy court's view of the evidence is not clearly
18 erroneous in light of the entire record. *See Anderson*, 470 U.S. at 573-74. Therefore, the court
19 did not abuse its discretion by excluding the appraisal evidence as irrelevant.

**D.     The Bankruptcy Court Did Not Err by Applying the Current California Civil Code Sections Regarding the Duties of a Real Estate Agent.**

Appellants contend that the bankruptcy court applied the wrong California Civil Code section when it evaluated Dixon's duties as a broker because different statutes were in effect at the time of the transaction. (Br. at 15.) They argue that the court should have applied former California Civil Code § 2375, which required "real estate agents to disclose all facts known to the agent materially affecting the value or desirability of the property that are not known to, or within the diligent attention and observation of, the parties." (Br. at 15.)

In 1989, the year the subject transaction occurred, the duties of real estate agents were

8

governed by former California Civil Code §§ 2373 through 2382. Section 2375 set out the disclosure form contents currently stated in § 2079.16. Although § 2079.16 was not operative in 1989, the language of the statute is identical to the language of § 2375. *See* Cal. Civ. Code § 2079.16. As in former § 2375, the disclosure form in § 2079.16 states that the buyer's agent has a duty to "disclose all facts known to the agent materially affecting the value or desirability of the property that are not known to, or within the diligent attention and observation of, the parties." In addition, the form in §2079.16 and in former § 2375 states that a dual agent "may not, without the express permission of the respective party, disclose to the other party that the Seller will accept a price less than the listing price." Because the statutory language did not change from former § 2375 to now operative § 2079.16, the bankruptcy court did not err by applying § 2079.16. Under both statutes, Dixon was not obligated to disclose to Appellants that she, as the seller, would accept a price less than the listing price. Therefore, the bankruptcy court did not err by applying the current California Civil Code sections to Dixon's duties as a real estate agent.

**E.   The Bankruptcy Court Did Not Abuse Its Discretion by Refusing to Allow Appellants to Introduce Evidence Regarding Violations of the Truth in Lending Act.**

In their first amended trial brief before the bankruptcy court, Appellants attempted to admit evidence regarding violations of the Truth in Lending Act ("TILA"), violations that they had never alleged in their complaint. (CT at 178.) Dixon objected to the evidence on the grounds of relevance. (Trial Transcript ("Tr. Trans.") at 8.) "Given the complaint that was filed and given the summary judgment that was granted," the court declined to allow amendment of the complaint at that late date and sustained Dixon's objection to the evidence. (Tr. Trans. at 13-14; CT at 149.) Appellants now contend that the bankruptcy court erred by refusing to hear their arguments regarding TILA and by refusing to allow them to introduce proof of TILA violations into evidence. (Br. at 16.) They contend that they were not trying to amend the complaint; rather, they argue that they were trying to introduce evidence relevant to the remaining causes of action. (Br. at 16-17.)

9

1  Courts review decisions regarding the relevance of evidence for abuse of discretion.
*Kessi*, 868 F.2d at 1107. TILA requires creditors to disclose certain key terms and costs to consumers before consummating a credit transaction. 15 U.S.C. §§ 1601-1667. After considering Appellants' arguments regarding the relevance of the TILA violation evidence, the court concluded that such evidence failed to address the remaining issues in the case. (Tr. Trans. at 13.) According to the court, the only questions left concerned determining the purchase price of the Property and determining whether the third note for $16,000 was part of the consideration for the Property. (Tr. Trans. at 13.) The only cause of action remaining after summary judgment alleged that Dixon obtained the third deed of trust through fraud by entering into a written contract to sell the Property to Appellants for $133,000 and later tricking Appellants into giving her an additional note for $16,000 secured by the third deed of trust. As the court concluded, this remaining cause of action had no connection to disclosures required under TILA. Therefore, the bankruptcy court did not abuse its discretion by excluding the evidence regarding TILA violations as irrelevant.

## CONCLUSION

For the foregoing reasons, the judgment entered by the bankruptcy court in favor of Defendant on March 17, 2003 and the underlying findings of fact and conclusions of law are AFFIRMED.

**IT IS SO ORDERED.**

Dated: February 24, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE